UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22818-CV-GAYLES
MAGISTRATE JUDGE REID

ANTONIO DAMARCUS WOODSON,

    Petitioner,

v.

MARK S. INCH,

    Respondent.
_____/

**REPORT RE DISMISSAL FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)**

**I. Introduction**

This matter is before the Court on Petitioner's *pro se* Petition under 28 U.S.C. § 2254. [ECF 1; 4].[1] Liberally construed, Petitioner seeks to challenge the constitutionality or legality of his convictions and sentences in Case No. 07-CF-025761, Eleventh Judicial Circuit of Florida, Miami-Dade County, and Case No. 10-CF-548, First Judicial Circuit of Florida, Santa Rosa County. [ECF 1, pp. 14-15]. As set forth below, the Petition should be dismissed for lack of jurisdiction.

---

[1] Citations to "ECF" refer to docket entries in this case. In contrast, citations to "CV1 ECF" refer to docket entries in Case No. 13-23083-CV-ALTONAGA, and citations to "CV2 ECF" refer to docket entries in Case No. 18-21103-CV-MARTINEZ. Lastly, any citations to "CV3 ECF" refer to docket entries from Petitioner's habeas action in the Northern District of Florida, Case No. 16-00180-CV-VINSON.

## II. Factual and Procedural History

A. Procedural History for the Miami-Dade County Conviction

After a jury trial, Petitioner was found guilty of strongarm robbery and sentenced to fifteen years for violating Fla. Stat. § 812.13(2)(c). [CV1 ECF 11-2, pp. 46, 48-50, 66-68]. On May 27, 2009, Florida's Third District Court of Appeal *per curiam* affirmed the judgment of conviction without a written opinion. *Woodson v. State*, 11 So. 3d 961 (Fla. 3d DCA 2009).

In 2013, Petitioner filed a § 2254 petition challenging the same underlying conviction in Case No. 13-23083-CV-ALTONAGA, which was dismissed as time-barred. [CV1 ECF 15]. The Eleventh Circuit did not grant a certificate of appealability, *see* [CV1 ECF 20], and the Supreme Court denied a petition for writ of certiorari. [CV1 ECF 21].

After that, Petitioner filed at least one § 2254 petition that was dismissed as successive in Case No. 18-21103-CV-MARTINEZ. *See* [CV2 ECF 10] (adopting the magistrate judge's Report and Recommendation and dismissing as successive).

B. Procedural History for the Santa Rosa County Conviction

Following a jury trial in Santa Rosa County, Petitioner was found guilty of one count of battery on a law enforcement officer. [CV3 27] (citing [CV3 21-1, pp. 5, 75]). Although Petitioner appealed, Florida's First District Court of Appeal

affirmed without a written opinion on August 8, 2013. *See Woodson v. State*, 118 So. 3d 810 (Fla. 1st DCA 2013).

After pursuing state postconviction remedies, Petitioner filed a habeas corpus petition in the Northern District of Florida in Case No. 16-00180-CV-VINSON. [CV3 1]. The Petition was denied on the merits on November 14, 2017. [CV3 29] (adopting the magistrate judge's Report and Recommendation and denying on the merits).

### III.  Discussion

Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief. . . , the judge must dismiss the petition . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases). In reviewing a petition under Rule 4, courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before a second or successive [§ 2254 petition] is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A).

"A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals] determines that the [petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C).

Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007)). For instance, "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).

Furthermore, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § [2254] motion concluded[]" is not subject to "second or successive" restrictions. *Boyd*, 754 F.3d at 1302. Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply."

*Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254] petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam); *but cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (distinguishing *Insignares*).

Additionally, "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition . . . in the habeas corpus context." *Slack*, 529 U.S. at 478. Finally, "Congress did not intend the provisions of AEDPA addressing 'second or successive' petitions to govern . . . : a § 2254 [petition filed by a death row inmate] raising a *Ford*-based incompetency claim filed as soon as that claim is ripe." *Panetti*, 551 U.S. at 945.

Although the instant Petition does not cite 28 U.S.C. § 2254, the relief sought requires that the initial filing be construed as a habeas petition under that statute. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and

5

recharacterize the motion in order to...create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").[2]

As previously mentioned, the Court dismissed Petitioner's challenge to the Miami-Dade County conviction as time-barred. Thus, it is an adjudication on the merits for purposes of triggering the successive bar as to that conviction. *See Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). Similarly, because the Northern District of Florida denied Petitioner's petition challenging the Santa Rosa County conviction on the merits, it also triggers the successive bar with respect to that conviction.[3]

Petitioner does not allege that he has applied for and obtained the necessary authorization from the Eleventh Circuit to file a successive motion. Further, a search of the Public Access to Court Electronic Records ("PACER") website does not show that he has been authorized to file this Petition as to either conviction. Importantly, Petitioner is attacking the same convictions that he already attacked in his prior § 2254 petitions.

---

[2] Petitioner is not entitled to *Castro* warnings before recharacterization, as his Petition is already successive. *See Castro*, 540 U.S. at 383.

[3] Pursuant to 28 U.S.C. § 2244(d), the Southern District of Florida may address the successiveness of the Petition as it relates to the Santa Rosa County conviction even though that conviction occurred in a different district. *See also Capers v. Missouri*, Case No. 411-CV-109, 2011 WL 2600560, at *1 (S.D. Ga. June 10, 2011) (addressing subject-matter jurisdiction due to successiveness even though venue was not proper), *report and recommendation adopted*, Case No. 411-CV-109, 2011 WL 2600510 (S.D. Ga. June 29, 2011).

Lastly, Petitioner has not adequately alleged, and the record does not reflect, that any one of the above exceptions to the general bar on successive petitions applies here.

As such, Petitioner has filed a "second or successive" habeas petition without the necessary authorization from the Eleventh Circuit. Without authorization, the Court lacks jurisdiction over this Petition. Accordingly, it should be dismissed.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. Here, in view of the entire record, a certificate of appealability should not issue. If Petitioner disagrees, he may so argue in any objections filed with the district court. *See* Rule 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

### V. Conclusions and Recommendations

As discussed above, it is recommended that Petitioner's habeas petition [ECF 1] be dismissed for lack of jurisdiction; that no certificate of appealability issue; and that this case be closed. Any pending motions are, therefore, moot. *See* [ECF 3].

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall

bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED 26th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Antonio Damarcus Woodson
O-D90511
Suwannee Correctional Institution
Inmate Mail/Parcels
5964 US Highway 90
Live Oak, FL 32060
PRO SE

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com