# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-cv-22818-GAYLES/REID

**ANTONIO DAMARCUS WOODSON,**

    Petitioner,

v.

**MARK S. INCH,**

    Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Lisette M. Reid's Report Regarding Dismissal for Failure to Obtain Authorization Pursuant to 28 U.S.C. § 2244(b)(3) (the "Report"). [ECF No. 6]. On July 9, 2019, Petitioner Antonio Damarcus Woodson, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences following jury trials in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and the First Judicial Circuit in and for Santa Rosa County, Florida (the "Petition"). [ECF No. 1]. The action was referred to Magistrate Judge Reid, pursuant to 28 U.S.C. §636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 2]. On July 9, 2019, Petitioner moved for leave to proceed *in forma pauperis*. [ECF No. 3]. On November 26, 2019, Judge Reid issued her Report, recommending that the Court dismiss the Petition for lack of jurisdiction. [ECF No. 6]. Petitioner filed timely objections ("Objections"). [ECF No. 7].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings

that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review of the record, the Court agrees with Judge Reid's well-reasoned analysis and conclusion that the Petition shall be dismissed for lack of jurisdiction. In his Objections, Petitioner argues that Judge Reid misconstrued his Rule 60(b) motion as a habeas petition under 28 U.S.C. § 2254. Petitioner's filing is properly construed under § 2254 because Petitioner asserts a "federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Specifically, Petitioner states that he brings "constitutional challenges" that "establish the invalidity [] of [his] convictions." [ECF No. 1 at 1]. Petitioner may not use "Rule 60(b) to present new claims for relief from a state court's judgment of conviction" because doing so would "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531 (citation omitted). Because Petitioner impermissibly brings successive habeas claims that have already been adjudicated on the merits in a prior application, the Court must dismiss such claims for lack of jurisdiction under 28 U.S.C. § 2244(b)(1).

Petitioner also argues that even if the Court dismisses his Petition under § 2244, he is still entitled to declaratory and injunctive relief. [ECF No. 7 at 3]. But Petitioner's request for such relief "may only be obtained in federal court through the filing of a petition for habeas corpus," and "[t]he law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence." *Kendricks v. Bowden*, No. 4:18CV19-

MW/CAS, 2018 WL 6517774, at *2 (N.D. Fla. Oct. 31, 2018), *report and recommendation adopted*, No. 4:18CV19-MW/CAS, 2018 WL 6516027 (N.D. Fla. Dec. 10, 2018), *appeal dismissed*, No. 19-10144-H, 2019 WL 3206631 (11th Cir. Apr. 12, 2019). Accordingly, the Court denies Petitioner's request.

Finally, the Court agrees with Judge Reid's denial of a certificate of appealability, finding that Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Keeping in mind that the purpose of such certificates is "to separate out those appeals that deserve more careful attention from the ones that do not[,]" the Court does not find that "reasonable jurists could debate whether [] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004), *aff'd on other grounds sub nom.*, *Gonzalez*, 545 U.S. 524 (citation and internal quotations omitted).

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Reid's Report [ECF No. 6] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Petitioner's Petition [ECF No. 1] shall be **DISMISSED** for lack of jurisdiction;

(3) A certificate of appealability shall be **DENIED**;

(4) All pending motions shall be **DENIED AS MOOT**; and

(5) The case shall be **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE